Argued and submitted February 16, affirmed May 10, reconsideration denied June 23, petition for review denied August 1, 1989 (308 Or 197)

## KELLOGG LAKE FRIENDS,
*Petitioner,*

*v.*

## CLACKAMAS COUNTY,
*Respondent,*

*and*

## FIRST WESTERN SERVICE CORPORATION,
*Intervenor-Respondent.*

(88-061; CA A50859)

773 P2d 23

Paul R. Duden and John D. Ostrander, Portland, argued the cause for petitioner. With them on the brief was Tooze, Marshall, Shenker, Holloway & Duden, Portland.

Mark J. Greenfield, Portland, argued the cause for intervenor-respondent. With him on the brief was Mitchell, Lang & Smith, Portland.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioner seeks review of a Land Use Board of Appeals (LUBA) decision upholding a ruling by a Clackamas County hearings officer that the setback requirements of subsection 705.03E of the county's Zoning and Development Ordinances (ZDO) do not apply to Kellogg Lake and Kellogg Creek.[1] We affirm.

Kellogg Lake is a long, narrow lake of approximately 15 acres which is linked to the Willamette River by Kellogg Creek. The lands adjacent to Kellogg Creek and the lake, as well as the lake's surface, are included in the boundaries of the Willamette River Greenway. Intervenor proposes to construct a 157 unit multi-family housing project adjacent to the lake. The property is zoned high-density residential and is located approximately one-half mile from the Willamette River.

Petitioner assigns error to LUBA's conclusion that the portion of its ordinance entitled "Standards for Intensification or Change of Use, or Development Within the Greenway," which establishes setback requirements, is not applicable to Kellogg Lake. Section 705.03E provides, in relevant part:

"All structures shall observe a minimum setback between 100 and 150 feet from the mean low water level. The setback shall be determined by evaluation of the criteria stated in subsection 705.03D."

Petitioner argues that the reference to "mean low water" in section 705.03E refers to the mean low waterline of Kellogg Creek and Kellogg Lake, as well as the mean low waterline of the Willamette River. It argues, therefore, that the setback requirements of the section apply to the proposed project. County and LUBA, on the other hand, concluded that the reference is limited to the mean low waterline of the Willamette River. In reaching its conclusion, LUBA noted in

---

[1] The county hearings officer approved a Willamette River Greenway permit, a Floodplain Development permit and an exception to a county ordinance restricting development on slopes of 20 percent or greater. Before LUBA, petitioner raised three assignments of error, all pertaining to the Greenway permit. LUBA affirmed the county on the two assignments relating to setback requirements and remanded to the county on the third assignment concerning compliance with a purpose in the Greenway ordinance. This appeal concerns only that portion of the decision relating to the Greenway setback ordinance.

particular that section 705.03D of the county's ordinance, which establishes the criteria for determining setback distances required by section 705.03E, includes a requirement that "the width of the river" be considered.[2] LUBA then concluded:

"Since the setback from 'mean low water level' required by ZDO 705.03.E must be determined on the basis of the criteria in ZDO 705.03.D, it is reasonable to conclude that the references to 'river' in ZDO 705.03.D support an interpretation of ZDO 705.03.E as requiring a setback only from 'mean low water level' of the Willamette River and not from Kellogg Lake."

Petitioner relies on ZDO 705.02A, which provides that "[t]he standards of section 705 apply to *all* lands and water within the Willamette River Greenway." (Emphasis supplied.) Petitioner argues that this section makes it clear that all of the requirements of section 705 apply to Kellogg Lake. We agree that, because Kellogg Lake is within the Greenway boundaries, all of the provisions of section 705 are *potentially* applicable. However, whether a particular provision, in fact, applies, depends on whether the terms of that provision are consistent with such an application. With respect to the setback requirements of section 705.03E, we conclude that the reference to "mean low water" is to the mean low waterline of the Willamette River. Accordingly, the requirements of that provision do not apply to land adjacent to Kellogg Creek or Kellogg Lake.

Petitioner also argues generally that a holding that the setback requirements of the Greenway ordinance do not apply to Kellogg Lake would be inconsistent with the general purpose of the Willamette River Greenway legislation, which is to "develop and maintain a natural, scenic, historical and recreational Greenway." However, construing the county's Greenway setback ordinance as not applicable to Kellogg

---

[2] Section 705.03D provides that the following factors shall be considered:

"1. the character of the use or development;

"2. the width of the river;

"3. steepness of the terrain;

"4. type and stability of the soil, and

"5. the type and density of the existing vegetation."

Lake is not, as as matter of law, inconsistent with the Greenway legislation. Application of the Greenway law must be governed by specific implementing provisions adopted by local authorities, which are subject to review for compliance with applicable state law.

LUBA correctly held that the setback requirements of section 705.03E do not apply to the land adjacent to Kellogg Lake.

Affirmed.